**FILED & ENTERED**

APR 02 2018

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Fisher    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | CHAPTER 7 |
| Yoram Talasazan | Case No.: 1:16-bk-11671-MT<br>Adv No:  1:16-ap-01119-MT |
| Debtor(s). | **MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION TO COMPEL** |
| Moeir Moussighi, Hanrit Moussighi, Moeir and Hanrit Moussighi dba Roll Tex | |
| Plaintiff(s), | Date:         April 4, 2018<br>Time:        11:00 a.m.<br>Courtroom: 302 |
| v. | |
| Yoram Talasazan | |
| Defendant(s). | |

  This could be considered a routine discovery dispute, but since it is exactly the kind of dispute that attorneys should work out together as professionals, it is necessary to describe what happened in boring detail in order to explain this ruling properly. There was a great deal of unnecessary confusion regarding the timing of the depositions in this matter. After reading all emails submitted by both sides, the court concludes that

-1-

the confusion was a result of sloppy practice and poor communication by Defendant's attorney, Raymond Aver, not the Plaintiffs. Because there was no meaningful meet and confer before the motion was filed and no basis for the motion, the motion is denied.

Mr. Aver requested dates to schedule the depositions of Moeir Moussighi and Hanrit Moussighi from Mr. Ashour by email on October 30, 2017. Motion to Compel, Exh. A. **Mr. Ashour responded on November 20** with four potential dates and times for each Plaintiff. Joint Stipulation Exh. 1. On December 6, Mr. Aver emailed Mr. Ashour that he had not received any response to his October 30 email, and that he had unilaterally scheduled depositions for each Plaintiff. Joint Stipulation Exh. 2. The depositions scheduled by Mr. Aver, January 8, 2018 at 10:00 p.m. for Moeir and January 10 at 10:00 p.m. for Hanrit, did not correspond to the days provided by Mr. Ashour. Motion to Compel, Exh. B, C. In response to Mr. Aver's email the following day, Mr. Ashour expresses confusion that the deposition dates and times do not match those provided in the November 20 email. Joint Stipulation Exh. 3.

The papers hint at further emails exchanged between the attorneys in December, but the next most recent emails filed with the Motion are from January 2. In that exchange, Mr. Aver informs Mr. Ashour that neither Mr. Aver nor his client, Mr. Talasazan, would be attending Mr. Talasazan's deposition scheduled for January 4. When asked if Plaintiffs would be attending their scheduled depositions, Mr. Ashour repeated his criticism that the dates scheduled did not match the dates provided in the November 20 email. Mr. Aver responds by stating that the 10 p.m. time was merely a typographical error on the front page, but it appears that the parties agree to continue the depositions.

The parties agreed on January 23 to dates for Plaintiffs' depositions: February 8

for Moeir and February 9 for Hanrit. Motion to Compel, Exh. G. Mr. Aver provided notice to Mr. Ashour on February 6 that Hanrit's deposition would have to be continued due to a "court ordered deposition." Motion to Compel, Exh. H. Moeir's deposition, however, went ahead as planned on February 8. A partial transcript of that deposition is attached to the Motion as Exhibit I. This select portion of the last several minutes of a more than five hour deposition does not cast either attorney in a flattering light. Mr. Ashour claims that at a break during the deposition, Mr. Aver informed him that the scheduling conflict for Hanrit's deposition the following day had been resolved. Mr. Ashour attempted to contact Hanrit that night, but was unable to do so.

The following day, February 9, Mr. Aver emailed Mr. Ashour at 10:24 a.m. to ask why neither he nor Hanrit had appeared at the deposition scheduled for that morning. Motion to Compel, Exh. J. Mr. Ashour responded that Mr. Aver's February 6 email had led Hanrit to believe that her deposition on February 9 would not be going forward, and that she had made other plans in the interim. Motion to Compel, Exh. K. Mr. Aver then recorded an Affidavit re Nonappearance.

On February 19, Mr. Ashour provided new three possible dates for a rescheduled deposition of Hanrit: February 26, 27, and March 8. Motion to Compel, Exh. O. Mr. Aver responded the next day by sending a stipulation regarding dates for Plaintiffs' depositions, including the February 26 date for Hanrit. The stipulation was never signed, and there is no evidence that Mr. Ashour agreed to the date requested. Mr. Ashour denies that he was ever informed by Mr. Aver that Hanrit's deposition would be on February 26. Motion to Compel, Exh. T. Mr. Ashour states that he did not agree to the stipulation due to a provision requiring his client to pay the court reporter's fees. Joint Stipulation Exh. 7. According to Mr. Ashour, no correspondence occurred between the

attorneys for the two following weeks.

Regardless, Mr. Aver unilaterally scheduled the deposition of Plaintiff Hanrit for Monday, February 26, and emailed Plaintiff's attorney at 3:00 p.m. on Friday, February 23 to confirm that Hanrit would appear. The email records of the interactions between the attorneys are telling:

> On Feb 23, 2018, at 3:28 PM, Ashkan Ashour ,Ash@aaa-law.com> wrote:
> I don't remember you scheduling the deposition at that time. Although that was one of the 3 dates we provided, I don't have any record of you actually letting us know that you would be taking the deposition on that date.
>
> I will have to contact my client and see if she is still available at that time and get back to you. If you believe you have sent a previous indication that this was the date you were going to depose her, please forward it to me because as I said I search[ed] my records and e-mail and I have not received anything from you indicating that you would be taking her deposition on that date.
>
> I will do my best to get back to you by 5:00pm but you only e-mailed me at 3:06pm

Motion to Compel, Exh. Q. The deposition scheduled for February 26 apparently did not go forward, and on that day Mr. Ashour again provided potential dates to Mr. Aver for a deposition. Motion to Compel, Exh. R. On February 28, Mr. Aver responded with a chosen date in a frustrated email, and Mr. Ashour responded with his own frustrated email stating that Mr. Aver would end up "unhappy and unpaid" like several attorneys before him in this case. Motion to Compel, Exh. T.

At 10:30 a.m. on Tuesday, March 6, Mr. Aver emailed Mr. Ashour to inform him of this Motion to Compel and request that he provide Mr. Aver with Plaintiffs' portions of the joint stipulation as required under LBR 7026-1(c)(3) within 24 hours. Motion to Compel, Exh. U. Mr. Ashour informed Mr. Aver that he was preparing for trial on Monday, and that he would have difficulty meeting the 24 hour deadline. The Motion to Compel was filed on March 7 at 5:16 p.m. along with Defendant's Unilateral Stipulation

Pursuant to LBR 7026-1(c)(3). Mr. Ashour alleges that he forwarded his portion of the Joint Stipulation at 5:52 p.m., but was informed by Mr. Aver's firm that a Unilateral Stipulation had been entered because Mr. Ashour did not comply with the 24 hour deadline. At 5:05 p.m. on March 8, Mr. Aver filed a Declaration of Raymond H. Aver re Noncooperation/Cooperation of Plaintiff's' Counsel regarding the stipulation. At 5:07 p.m., Mr. Aver filed the Joint Stipulation containing Mr. Ashour's portions of the stipulation.

Mr. Aver has omitted some of the less flattering emails from the Motion, and yet the emails attached to the Motion paint a pretty clear picture.

### **FRCP 37 (FRBP 7037) Motion to Compel**

Defendant brings this motion to compel under Rule 37(a) of the Federal Rules of Civil Procedure ("FRCP"), made applicable to this adversary by Federal Rules of Bankruptcy Procedure ("FRBP") 7037 and 9014(c).

FRCP 37(a)(5) states as follows:

> (5) *Payment of Expenses; Protective Orders.*
> (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--<u>the court must</u>, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5). (emphasis added). Defendant argues that sanctions under FRCP 37 are mandatory here, as the underlined text above indicates. However, FRCP

37(a)(5)(A) provides three exceptions to the obligatory language. The Court finds that Plaintiff's actions surrounding the depositions, described above, were substantially justified under FRCP(a)(5)(A)(ii) and, in addition, that the circumstances make an award under FRCP 37(a) unjust. The emails demonstrate that Mr. Ashour demonstrated great patience with Mr. Aver's inability to communicate effectively.

Defendant also moves for sanctions under FRCP 37(d)(5), which states:

> (d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.
> (1) *In General.*
> **(A)** *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
> **(i)** a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or
> **(ii)** a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d). While it is undisputed that Hanrit, a party to this action, did not attend her own deposition, sanctions under FRCP 37(d)(1) are discretionary. Here, it appears that the primary reason that Hanrit did not attend her deposition was the poor communication and scheduling of attorney for Defendant, Mr. Aver. The Court declines impose sanctions on Plaintiffs or Mr. Ashour under FRCP 37(d).

## **LBR Sanctions**

Defendant argues that sanctions are mandatory under LBR 7026-1(c)(4), which states as follows:

> ( 4 ) <u>Cooperation of Counsel; Sanctions</u>. The failure of any counsel either to cooperate in this procedure, to attend the meeting of counsel, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of counsel <u>will result</u> in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3.

(emphasis added). Notably, Mr. Ashour did not have seven days to respond to this motion; he only had 24 hours. This is completely violative of the meet and confer requirement of LB 7026-1(c)(2):

> (2) Meeting of Counsel. Prior to the filing of any motion relating to discovery, counsel for the parties must meet in person or by telephone **in a good faith effort to resolve a discovery dispute.** It is the responsibility of counsel for the moving party to arrange the conference. Unless altered by agreement of the parties or by order of the court for cause shown, counsel for the opposing party must meet with counsel for the moving party within 7 days of service upon counsel of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

The actions taken by Mr. Aver do not demonstrate a good faith effort to resolve the discovery dispute. Plaintiff argues that, "pursuant to his own moving papers, it is Mr. Aver who should be sanctioned here." The Court will not consider sanctions against Mr. Aver, as they are not currently properly before the Court. A separate motion may be brought if counsel seeks to pursue this further.

For the above stated reasons, Defendant's requests for sanctions against Plaintiffs and their counsel is DENIED. There will be no appearances on April 4 for this motion as the court has already spent enough time on an unnecessary motion. The parties should complete the remaining depositions discussed above as soon as possible in a professional manner.

###

Date: April 2, 2018

*Maureen A. Tighe*
Maureen A. Tighe
United States Bankruptcy Judge