**FILED & ENTERED**

JUN 22 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Yoram Talasazan<br><br>                               Debtor(s).<br><br>Moeir Moussighi, Hanrit Moussighi, Moeir and Hanrit Moussighi dba Roll Tex<br><br>                               Plaintiff(s),<br>      v.<br><br>Yoram Talasazan<br><br>                               Defendant(s). | CHAPTER 7<br><br>Case No.:  1:16-bk-11671-MT<br>Adv No:    1:16-ap-01119-MT<br><br>**MEMORANDUM RE CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Date:        June 6, 2018<br>Time:       1:00 p.m.<br>Courtroom: 302 |

I.  **Introduction**

Yoram Talasazan ("Debtor") and Moeir and Hanrit Moussighi dba Roll Tex ("Plaintiffs") entered into approximately forty agreements, dating back to 2007, for purchasing discount "fire sales" of garments for resale to retailers. Debtor would locate

-1-

potential merchandise, purchase it, then store it in the warehouse of a business he operated, Ban-V, Inc., until a purchaser was located. When the goods were sold, profits were to be split between Ban-V and Plaintiffs 60%-40%, respectively.

The parties' business relationship ended after Debtor failed to honor the terms of the agreements. The parties have previously been involved in litigation in the Superior Court of the State of California for the County of Los Angeles (the "Superior Court") in connection with the allegations at issue in this adversary action. That case, assigned case number BC459337 (the "State Court Action"), was resolved with a judgment (the "Third Amended Judgment") and Statement of Decision (the "Statement of Decision") being entered in favor of Plaintiffs and against Debtor on six causes of action: breach of contract, open book account, account stated, unjust enrichment, negligent misrepresentation, and dishonored checks. The Third Amended Judgment and the Statement of Decision were, however, silent on a number of other causes of action against Debtor, including fraud, conspiracy to defraud, conversion, assault, battery, and intentional infliction of emotional distress.

This matter comes before the Court on cross-motions for summary judgment (referred to herein as "Plaintiffs' Motion," "Debtor's Motion," and, collectively, the "Motions"). Both parties agree that the Statement of Decision and Third Amended Judgment have preclusive effect on the Motions, though they disagree on which issues are precluded from re-litigation and in whose favor those issues should be decided. The extent of the application of collateral estoppel is the primary issue before the Court.

II. **Standard**

In order to succeed on a motion for summary judgment under Federal Rule of

Civil Procedure 56, made applicable to adversary actions in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, the movant must establish the lack of a genuine issue of material fact and entitlement to judgment as a matter of law. In re Aubrey, 111 B.R. 268, 272 (BAP 9th Cir. 1990). The moving party must support its motion with credible evidence, as defined in Rule 56(c), which would entitle it to a directed verdict if not controverted at trial. Id. If a party fails to address another party's assertion of fact, the court may consider the fact undisputed for purposes of the summary judgment motion. Fed. R. Civ. P. 56(e)(2). Substantive law determines which facts are material for purposes of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The court must view all the evidence in the light most favorable to the nonmoving party. In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008). The court may not evaluate the credibility of a witness or weigh the evidence. California Steel & Tube v. Kaiser Steel Corp., 650 F.2d 1001, 1003 (9th Cir. 1981).

### III. Analysis

Plaintiffs seek a nondischargeable judgment under §§ 523(a)(2)(A) and (a)(4). Debtor similarly seeks summary judgment on the claims under §§ 523(a)(2)(A) and (a)(4).

#### a. Requests for Judicial Notice

There are three separate requests for judicial notice filed in connection with the Motions. In the first, Plaintiffs request judicial notice of the Statement of Decision and the Third Amended Judgment entered in the State Court Action. (ECF Doc. No. 55).

The Court takes judicial notice of these documents under Federal Rule of Evidence 201.

In the second request for judicial notice (ECF Doc. No. 64), Debtor seeks to admit seven separate documents in support of Debtor's Motion. Each of these documents is a public record from prior court proceedings and is therefore properly subject to judicial notice.

The third request for judicial notice was submitted by Debtor in support of his opposition to Plaintiffs' Motion. (ECF Doc. No. 77). The documents listed are all the same documents subject to the Debtor's request for judicial notice in support of Debtor's Motion. As stated above, the Court will take judicial notice of each of these documents.

b. Section 523(a)(2)(A)

Section 523(a)(2)(A) excepts from discharge any debt "to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). A creditor's claim of nondischargeability based on § 523(a)(2)(A) must satisfy five elements: (1) misrepresentation, fraudulent omission, or deceptive conduct by the debtor; (2) the debtor knew of the falsity or deceptiveness of their statement or conduct; (3) the debtor made the representation with the intent to deceive the creditor; (4) the creditor justifiably relied on the representation; and (5) the creditor sustained damage resulting from its reliance on the debtor's representation. In re Slyman, 234 F.3d 1081, 1085 (9th Cir. 2000). Each element must be shown by a preponderance of the evidence. Id. In order to avoid unjustifiably impairing a debtor's fresh start, exceptions to discharge should be strictly construed against creditors and in favor of debtors. Klapp v. Landsman, 706 F.2d 998, 999 (9th Cir. 1983).

### i. Preponderance of Evidence Standard Applied to California Fraud Claim

Plaintiffs argue that the fraud claim was denied in the State Court Action solely because the evidentiary standard for fraud under California state law is clear and convincing evidence, whereas the burden under § 523(a)(2)(A) is preponderance of the evidence. Debtor correctly points out that Plaintiffs are wrong in stating that fraud under California law requires a showing by clear and convincing evidence. <u>Liodas v. Sahadi</u>, 19 Cal. 3d 278, 292 (1977) (fraud need not be proven by clear and convincing evidence).

### ii. Fraud Under California Law and § 523(a)(2)(A)

Both parties request summary judgment in their favor on this claim based upon the collateral estoppel effect of the judgment in the State Court Action. Collateral estoppel principles apply in a discharge exception proceeding under § 523(a). <u>Grogan v. Garner</u>, 498 U.S. 279, 284 n.11 (1991). Under 28 U.S.C. § 1738, as a matter of full faith and credit, federal courts are required to apply the pertinent state's collateral estoppel principles. <u>In re Nourbakhsh</u>, 67 F.3d 798, 800 (9th Cir. 1995). Under California law, collateral estoppel applies only if certain threshold requirements are met: 1) the issue sought to be precluded from relitigation is identical to that decided in the former proceeding; 2) the issue was actually litigated in the former proceeding; 3) the issue was necessarily decided in the former proceeding; 4) the decision in the former proceeding was final and on the merits; and 5) the party against whom preclusion is sought is the same, or in privity with, the party to the former proceeding. <u>In re Harmon</u>, 250 F.3d 1240, 1245 (9th Cir. 2001). If the threshold requirements are met, the court

must also find that giving the previous judgment preclusive effect would further the public policies underlying the collateral estoppel doctrine. Id. at 1245.

Plaintiffs argue that, while a judgment for fraud under California law satisfies § 523(a)(2)(A) for purposes of collateral estoppel, denial of a state law fraud claim does not necessarily preclude a § 523(a)(2)(A) claim because § 523(a)(2)(A) is broader than fraud under California law. Plaintiffs point to the language of the statute: "to the extent obtained by false pretenses, a false representation, or actual fraud." Plaintiffs argue that the underlined language establishes that "[f]raud is just one way to establish § 523(a)(2)(A)." Plaintiffs provide no authority other than this statutory language.

Plaintiffs seem to assume erroneously that the phrase "actual fraud" means fraud under applicable state law, while "false pretenses" and "false representations" allow for a nondischargeable judgment for unspecified, non-fraudulent conduct. However, the term "actual fraud" in § 523(a)(2)(A) "encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation." See Husky Int'l Elecs., Inc. v. Ritz, 136 S. Ct. 1581, 1586 (2016). All conduct that falls within § 523(a)(2)(A) is fraudulent. See 4 Collier on Bankruptcy ¶ 523.08[1][d] (16th ed.) ("Not all frauds are included within the exception of section 523(a)(2)(A), but only those involved in the obtaining of money, property or services by 'false pretenses or false representations'").

Furthermore, Plaintiffs argue "[a]s can clearly be seen from just looking at the elements, many of the elements required to establish a common law cause of action for fraud are not required to establish a nondischargeability action under § 523(a)(2)(A)." Plaintiffs provide the following list of elements:

The common law fraud cause of action requires the following elements: 1. Defendant represented to plaintiff fact was true; 2. defendant's representation was false; 3. defendant knew that the representation was false when he made it, or that he made the representation recklessly and without regard for its truth; 4. defendant intended that plaintiff rely on the representation; 5. plaintiff reasonably relied on defendant's representation; 6. plaintiff was harmed; and 7. plaintiff's reliance on defendant's representation was a substantial factor in causing his harm.

(Reply to Moussighi MSJ, 4:8-16). This articulation of the elements of a fraud claim, which Plaintiffs seem to have taken from CACI 1900, appears to be a disambiguation of the more common five-element statement of the requirements of fraud under California law:

| Elements of Fraud under California Law | Elements of § 523(a)(2)(A) |
|---|---|
| 1. **Misrepresentation**, that is, false representation, concealment, or nondisclosure<br>2. **Knowledge** of falsity or scienter<br>3. **Intent** to defraud<br>4. **Justifiable Reliance**<br>5. **Resulting Damage**<br><br>Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996). | 1. **Misrepresentation**, fraudulent omission, or deceptive conduct by the debtor<br>2. The debtor **knew** of the falsity or deceptiveness of their statement or conduct<br>3. Debtor made the representation with the **intent** to deceive the creditor<br>4. Creditor **justifiably relied** on the representation<br>5. Creditor sustained **damage resulting** from its reliance on the debtor's representation<br><br>In re Slyman, 234 F.3d at 1085. |

The Court rejects Plaintiffs' reasoning. Fraud under California law and § 523(a)(2)(A) are identical for purposes of collateral estoppel. In re Younie, 211 B.R. 367, 373 (B.A.P.

9th Cir. 1997), aff'd, 163 F.3d 609 (9th Cir. 1998); In re Jung Sup Lee, 335 B.R. 130, 136 (B.A.P. 9th Cir. 2005).

### iii.  The Superior Court Found in Favor of Debtor on the Issue of Fraud

While it is very common for creditors who were granted a state court judgment for fraud to assert collateral estoppel offensively in a nondischargeability action, it is less common, as here, for a Debtor to assert collateral estoppel defensively to preclude a creditor's § 523(a)(2)(A) claim based upon an unsuccessful state court action for fraud.

Each party argues that the State Court Action has preclusive effect in their favor on the issue of fraud; however, while fraud was pled, argued, and briefed after trial, the Third Amended Judgment does not include fraud in the list of causes of action on which Plaintiffs prevailed.

Debtor cites three cases in support of his argument that the Superior Court ruled in his favor on the issue of fraud. Debtor cites a Florida bankruptcy court ruling that an arbitration panel's silence with regard to a claim for fraud collaterally estopped the court "from finding fraud to support a judgment of non-dischargeability" under § 523(a)(2)(A). In re Schurtenberger, 2014 WL 92828, at *6 (Bankr. S.D. Fla. Jan. 9, 2014). The court reasoned that "however inappropriate, inexcusable, and deceptive the Debtor's conduct was to violate FDUTPA, such conduct did not rise to the level of fraud so as to be non-dischargeable under 523(a)(2)(A). If it had, an award would have been entered in favor of the Plaintiffs on the fraud claim." Id. at 7. In similar circumstances, a Texas bankruptcy court recognized that an arbitrator's finding of "no finding of fraud" can have collateral estoppel effect in an action under § 523(a)(2)(A). In re Horne, 2011 WL 350473 (Bankr. W.D. Tex. Feb. 2, 2011). Where an arbitrator explicitly denied a party's

claim for fraud, another court found that "the arbitrator necessarily considered the claim and found that all elements of a fraud claim were not present, and thus reason existed to deny it." 114 Kimbell Square, Ltd. v. Ritter, 2007 WL 1660676, at *5 (N.D. Tex. June 8, 2007). While these cases are not directly on point here, they provide useful analysis for this situation.

The Statement of Decision in this case includes specific findings that Plaintiffs argue amount to a colorable fraud claim. Plaintiffs assert that the Statement of Decision should control, arguing that the findings of the state court, as drafted largely by Plaintiffs themselves, demonstrate an entitlement to a fraud judgment. This conclusion, however, would be flatly contradictory to the actual outcome of the State Court Action. The doctrine of collateral estoppel is intended to prevent relitigation of matters that were actually litigated previously between the same parties. In re Lopez, 367 B.R. 99, 104 (B.A.P. 9th Cir. 2007) ("The doctrine is intended to avoid inconsistent judgments and the related misadventures associated with giving a party a second bite at the apple."); See In re Keith, 2011 WL 6934485, at *7 (B.A.P. 9th Cir. Aug. 5, 2011) (upholding the "defensive" use of collateral estoppel by a Debtor to prevent a creditor from asserting an action under § 523(a)).

Debtor's conduct according to the Statement of Decision was fairly egregious, but the Court cannot go back and correct the mistakes made in the State Court Action. If the Plaintiffs believed that the Superior Court was mistaken in failing to rule in their favor on the fraud cause of action, their remedies were to ask the Superior Court to reconsider its ruling or to appeal the decision. It appears that the Superior Court ruled in

Plaintiffs' favor on the negligent misrepresentation cause of action rather than fraud.[1] For purposes of collateral estoppel, as detailed below, the Superior Court's silence with respect to the fraud action, in the context of undisputed evidence from both sides that the issue was fully litigated, was a ruling in favor of the Debtor and not the Plaintiffs.

*iv. Debtor has Met all Requirements for Collateral Estoppel*

The Superior Court had a multiple-day trial on the same facts which give rise to this § 523(a)(2)(A) claim. The fraud claim litigated by the Superior Court was identical to the requirements of § 523(a)(2)(A), as described above.

The issue of fraud was actually litigated, as detailed by the Superior Court pleadings attached to the Declaration of Steve Scandura. Plaintiffs' closing brief to the Superior Court, filed December 4, 2012, detailed the fraud cause of action, as set forth in California Civil Jury Instructions CACI 1900. Declaration of Steve Scandura, Exhibit B 14:20-16:5. Plaintiffs' closing brief argued that the facts surrounding the "Y Agreement" and "YD agreement" supported a finding of fraud. Debtor and his co-defendants, Ban-V, Inc., Mika-El Clothing, LLC, and Noga Lahiji (aka Noga Talasazan) (collectively, "State Court Defendants") then filed a responsive post-trial brief on December 26, 2012, which responded to all causes of action and argued that the duplicative invoices were not fraudulent. Declaration of Steve Scandura, Exhibit C. Plaintiffs filed their reply brief on January 7, 2013, which further argued that Debtor's actions were fraudulent. Declaration of Steve Scandura, Exhibit D 5:7-23.

---

[1] An action for negligent misrepresentation differs from a fraud cause of action in that the scienter required is reduced. To prove negligent misrepresentation, a plaintiff must show: 1) misrepresentation of a past or existing material fact without reasonable ground for believing it to be true, and with intent to induce another's reliance on the fact misrepresented; 2) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed; and 3) resulting damage. Goonewardene v. ADP, LLC, 5 Cal. App. 5th 154, 175, 209 Cal. Rptr. 3d 722, 741 (Ct. App. 2016), as modified on denial of reh'g (Nov. 29, 2016).

The Tentative Decision/Judgment released by the Superior Court on February 4, 2013 (the "Tentative Decision/Judgment"), did not mention fraud, but found in favor of Plaintiffs on the action for negligent misrepresentation. Declaration of Steve Scandura, Exhibit E. Subsequently, the parties litigated the contents of the Superior Court's Tentative Decision/Judgment. The State Court Defendants filed Defendants and Cross-Complainants' Objections to Tentative Decision, arguing that Noga Talasazan should be removed from the judgment and that there was no evidence presented at trial to support alter ego liability. Declaration of Steve Scandura, Exhibit F. The State Court Defendants then filed a request for a Statement of Decision on February 13, 2013, but did not request any details about the fraud allegation against Debtor. Declaration of Steve Scandura, Exhibit G. The Superior Court released a First Amended [Tentative] Decision/Judgment on February 20, 2013 and made no specific ruling on the fraud cause of action. Declaration of Steve Scandura, Exhibit H. The Superior Court issued Rulings/Orders the same day, sustaining in part and overruling in part objections made by the State Court Defendants.[2] Declaration of Steve Scandura, Exhibit I. Neither party requested further findings or a specific ruling on the fraud cause of action.

A [Proposed] Statement of Decision was filed on March 21, 2013 by Plaintiffs. Declaration of Steve Scandura, Exhibit J. The State Court Defendants filed objections to the Proposed Statement of Decision, including an objection to its silence with regard to the actions against Noga Talasazan, its conclusion regarding the alter ego theory, and the inclusion of certain facts that were never put into evidence. Declaration of Steve Scandura, Exhibit K. The State Court Defendants requested certain specific changes to

---

[2] The Rulings/Orders issued by the Superior Court states that "Defendants filed Objections" on February 13, 2012, but then rules on "Plaintiff's Objections." The Court assumes that this is simply a typographical error, and that the Superior Court was in fact ruling on State Court Defendants' objections.

be made to the Proposed Statement of Decision to address these objections. Plaintiffs filed an extensive reply addressing the State Court Defendants' objections. <u>Declaration of Steve Scandura</u>, Exhibit L. In their reply, Plaintiffs specifically refer to the Superior Court's failure to find Debtor liable for fraud, and repeats their argument that "the standard of proof to show fraud is extraordinarily high"—i.e., clear and convincing evidence. <u>Declaration of Steve Scandura</u>, Exhibit L 14:21-25. This appears to be an admission that Debtor, and not Plaintiffs, prevailed on the action for fraud.

The Superior Court issued a judgment on October 11, 2013 in favor of Plaintiffs on six causes of action and in favor of Noga Talasazan on all causes of action, but was silent as to the fraud action against Debtor. <u>Declaration of Steve Scandura</u>, Exhibit O. The final Statement of Decision was issued on the same day, and includes no discussion on the fraud cause of action. <u>Declaration of Steve Scandura</u>, Exhibit P. There were a number of minor amendments to the judgment, but there were no further objections or clarifications relating to a lack of a specific ruling on the fraud cause of action. At no point did the Superior Court adopt Plaintiffs' fraud allegations as set forth in the complaint and post-trial brief. The Statement of Decision must be read in light of this history, which demonstrates that the issue of fraud was actually litigated.

The third requirement of collateral estoppel is whether the issue of fraud was necessarily decided in the prior action. Whether an issue was "necessarily decided" has been interpreted to mean that the issue was "not entirely unnecessary" to the judgment in the prior proceeding. <u>Castillo v. City of Los Angeles</u>, 92 Cal. App. 4th 477, 482 (2001).

The <u>Schurtenberger</u> case, while not binding, supports Debtor's argument that

silence on the part of the prior adjudicator can be sufficient grounds for application of collateral estoppel. "[T]he lack of factual findings in an arbitration award may not be fatal to its use for collateral estoppel purposes, where the court may infer facts for purposes of collateral estoppel if 'the finding is necessarily implied from the nature of the claim and award.'" In re Schurtenberger, No. 2014 WL 92828, at *4. Furthermore, there is authority to support the proposition that where an affirmative defense is pled and the court enters judgment against defendant without any explicit finding on the affirmative defense, it must be assumed that the court rejected the affirmative defense. Calzada v. Sinclair, 6 Cal. App. 3d 903, 916 (Ct. App. 1970); Kaye v. Jacobs, 122 Cal. App. 421, 431 (Cal. Ct. App. 1932), overruled on other grounds in Bumb v. Bennett, 51 Cal. 2d 294 (1958) ("Appellant by his answer raised the issue of laches. While no express finding was made by the court upon this issue, it must be assumed in support of the judgment that it was decided adversely to appellant"). In the criminal law context, an implied acquittal can occur for purposes of the collateral estoppel aspect of double jeopardy where a jury convicts a defendant of a lesser included charge but remains silent as to the greater offense. Lemke v. Ryan, 719 F.3d 1093, 1100 (9th Cir. 2013). Analogously, the Superior Court found against Debtor on negligent misrepresentation, but remained silent as to fraud. The requirements of negligent misrepresentation are the same as the requirements of fraud, with the exception of the required scienter requirements. Knight v. Aqui, 966 F. Supp. 2d 989, 1001 (N.D. Cal. 2013). In making a determination on the negligent misrepresentation claim, therefore, the Court necessarily determined that the Debtor's actions met all elements of a fraud cause of action other than the scienter requirement. Id. If the Superior Court believed that Debtor acted with

knowledge and intent to defraud, rather than negligently, it presumably would have found for Plaintiffs on the fraud cause of action.[3] See In re Schurtenberger, 2014 WL 92828, at *5 ("In fact, the Court believes that if fraud had been proven, the Panel would have found for Plaintiffs on their claim for fraud, but it specifically did not do so.").

Fraud was alleged, litigated, initially briefed but never adopted by the Superior Court's ruling. While an explicit ruling would have been helpful, neither party requested it. Fraud was, however, necessarily decided by the Superior Court despite the silence in the Third Amended Judgment and Statement of Decision.

The decision in the former proceeding was final and on the merits and the party against whom preclusion is sought is the same party to the former proceeding. The threshold requirements of collateral estoppel under California law are therefore all met. In re Harmon, 250 F.3d at 1245.

Furthermore, application of collateral estoppel here furthers public policy interests underlying the doctrine by not relitigating a multiple-day trial between identical parties. In re Lopez, 367 B.R. at 104. A court of competent jurisdiction tried these facts and found Plaintiffs' case inadequate on the claim for fraud.

Debtor's Motion is GRANTED as to the action under § 523(a)(2)(A). For the same reasons, Plaintiffs' Motion is DENIED as to the action under § 523(a)(2)(A).

 c. Section 523(a)(4)

The parties each seek summary judgment in their favor under § 523(a)(4). Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Section 523(a)(4) contains multiple

---

[3] The Statement of Decision is ambiguous as to whether Debtor made each of the various misrepresentations with knowledge and intent to defraud, and instead paints all of the transactions with a very broad brush.

theories for relief, each with their own requirements. The First Amended Complaint ("FAC") requested nondischargeability under § 523(a)(4), but was ambiguous as to which theory Plaintiffs were pursuing.

### i. Embezzlement

In its ruling on the Debtor's Motion to Dismiss the FAC, the Court found that the Plaintiffs failed to state a claim as to embezzlement under § 523(a)(4). (ECF Doc. No. 27). However, the Court found that the Plaintiffs stated a plausible claim under § 523(a)(4) as to fraud or defalcation while acting in a fiduciary capacity. An order was entered to that effect on April 21, 2017. (ECF Doc. No. 30).

Plaintiff argues that summary judgment should be granted under § 523(a)(4) because all of the requirements of embezzlement under that subsection have previously been found by the Superior Court. Debtor properly responds that Plaintiffs' claim for embezzlement cannot be granted because it was dismissed. Plaintiffs did not amend their complaint after the Court's order and accompanying ruling dismissing the embezzlement claim without prejudice. The Court therefore need not address the embezzlement claim further. Summary judgment is GRANTED in favor of Debtor on the claim for embezzlement under § 523(a)(4).

### ii. Fraud or Defalcation While Acting in a Fiduciary Capacity

Plaintiffs inexplicably argue in their reply that Debtor failed to address whether summary judgment should be granted as to § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity. Plaintiffs' Motion simply did not contain any request for judgment on that theory. The memorandum of points and authorities in support of Plaintiffs' Motion cites no law regarding fraud or defalcation while acting in a fiduciary

capacity. Nothing in the Plaintiffs' Motion indicates that Debtor should defend against such allegations. Plaintiffs' Motion is denied without prejudice as to fraud or defalcation while acting in a fiduciary capacity. As Debtor also requests summary judgment under this theory, it is discussed further below.

A creditor seeking a relief under § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity must establish three elements: (1) an express trust existed; (2) the debt was caused by fraud or defalcation; and (3) that the debtor was a fiduciary to the creditor at the time the debt was created. Nahman v. Jacks, 266 B.R. 728, 735 (B.A.P. 9th Cir. 2001).

"Defalcation is the misappropriation of trust funds or money held in any fiduciary capacity, or the failure properly to account for such funds." Id. at 737. Alternatively, it has been defined as "a failure to produce funds entrusted to a fiduciary." 4 Collier on Bankruptcy ¶ 523.10[1][b] (16th ed.). Furthermore, defalcation requires a "culpable state of mind ... involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior. Bullock v. BankChampaign, N.A., 569 U.S. 267, 269 (2013). Defalcation can encompass a breach of fiduciary obligation that involves neither conversion nor taking and carrying away another's property, nor falsity. Id.

Debtor argues that he is entitled to summary judgment on the § 523(a)(4) claim because collateral estoppel, particularly the Superior Court's "lack of findings of actual fraud," has preclusive effect on Plaintiffs' ability to bring a successful action under § 523(a)(4). Defalcation while acting in a fiduciary capacity, however, includes behavior that does not meet the standard of fraud in § 523(a)(2)(A). Id. at 275 ("defalcation,"

unlike "fraud," may be used to refer to *nonfraudulent* breaches of fiduciary duty). Debtor's theory that the § 523(a)(4) claim must fail because the Superior court ruled against Plaintiff on actual fraud is incorrect and not a basis for summary judgment on this claim.

Debtor further argues that uncontroverted evidence, in the form of declarations by David Lahiji and Yoram Talasazan, has been raised in support of Debtor's argument that Debtor did not misappropriate any merchandise within the meaning of "defalcation" under § 523(a)(4). Debtor's Motion, 15:8-13. The entirety of Debtor's evidence, according to Debtor's Statement of Uncontroverted Facts, is as follows:

> I am convinced that Talasazan did not misappropriate any of the merchandise/goods purchased from Greenwest in connection with the Greenwest deal.

Dec. of David Lahiji, 2:17-19.

> I did not misappropriate any of the merchandise/goods that was purchased from Greenwest Textile, Inc. ("Greenwest") in connection with the Greenwest Deal.

Dec. of Yoram Talasazan, 2:9-11.

Debtor is incorrect that this evidence is uncontroverted. Plaintiffs argue that the Statement of Decision establishes Debtor's misappropriation. Plaintiffs' Opposition to Defendant's Motion, 9:6-20. The Superior Court findings read in conjunction with the declarations raise material issues of disputed fact, including whether defalcation occurred within the meaning of § 523(a)(4).

More significantly, Debtor has not shown that the issues decided in the Superior Court were identical to one of the required elements of § 523(a)(4) for fraud or

defalcation while acting in a fiduciary capacity such that Plaintiffs would be unable to prove their case. Until that analysis is done, evidence that may relitigate what was already litigated may not be considered. Because it has not been established that this Court can consider the issue on the merits with no consideration of the Superior Court record, Plaintiffs' evidentiary objections to the declarations submitted in support of this motion are also sustained.

Debtor may not submit additional evidence on these issues without first establishing that the Superior Court did not decide the issue. Thirteen causes of action were alleged in the state court complaint. It appears that all were litigated. It may be that the elements of some of those causes of action are the same as the requirements of a § 523(a)(4) fraud or defalcation in a fiduciary capacity claim. Debtor has not shown that the Superior Court necessarily determined that no defalcation occurred within the meaning of § 523(a)(4). The briefs have not explained what specifically in the Superior Court's decision establishes that defalcation occurred or did not occur, particularly with respect to the scienter requirement set forth in <u>Bullock</u>. Any further consideration of this issue would require such an analysis.

As to fraud or defalcation while acting in a fiduciary capacity, Debtors' motion is DENIED without prejudice.

### IV.    Conclusion

Plaintiffs' Motion is DENIED.

Debtor's Motion is GRANTED as to § 523(a)(2)(A) and embezzlement under § 523(a)(4), and DENIED as to fraud or defalcation while acting in a fiduciary capacity under (a)(4).

The issues that remain are § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity along with the §§ 727(a)(2), (a)(3), and (a)(4) claims which were included in the first amended complaint and were found to be adequately pled by the order on the Motion to Dismiss the First Amended Complaint.

###

Date: June 22, 2018

Maureen A. Tighe
United States Bankruptcy Judge